UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JONATHAN RUTH,

    Plaintiff,                                           CASE NO.:

vs.

JET RIDE HOLDING, LLC, a Florida Limited
Liability Company; JET RIDE OWNERS, LLC,
a Florida Limited Liability Company

    Defendant.
_____/

**COMPLAINT**

COMES NOW the Plaintiff, JONATHAN RUTH (hereinafter "RUTH"), by and through the undersigned Counsel, and sues the Defendant, JET RIDE HOLDING, LLC, a Florida Limited Liability Company and Defendant, JET RIDE OWNERS, LLC, (hereinafter collectively referred to as "JET RIDE"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is a civil action alleging violations of the Fair Labor Standards Act, with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

1

4. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

5. At all times material hereto, JET RIDE was duly authorized and licensed to do business in Palm Beach County, Florida, with its principal addresses at 50 S. Dixie Highway, Suites 4 & 8, Jupiter, Florida, 33458. JET RIDE offered and still offers boat and jet ski memberships and boat and jet ski rentals to its customers at locations in Jupiter, Boynton Beach, West Palm Beach, Stuart, and Pompano Beach, Florida.

6. At all times material hereto, JET RIDE, was a privately held company in Jupiter, Florida with annual gross sales and/or business volume of $500,000 or more.

7. In the advancement of its business, JET RIDE employed at least two (2) employees within the meaning of the FLSA.

8. In the advancement of its business, JET RIDE had/has many employees who regularly handled, sold, rented, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person. In the advancement of its business, JET RIDE engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

9. At all times material hereto, RUTH was a resident of Okeechobee, Florida, and was an "employee" and worked as a dockhand of the Palm Beach County-based JET RIDE as defined by the FLSA

10. JET RIDE controlled RUTH's duties, hours worked, and compensation. Accordingly, JET RIDE was RUTH's "employer" as defined by the FLSA.

## GENERAL ALLEGATIONS

11. Plaintiff RUTH was initially employed at JET RIDE on or about April 16, 2019 as

a full-time dockhand. He remained in that position until he was unexpectedly terminated by the JET RIDE manager, RYAN O'MARA, (hereinafter "O'MARA") on August 13, 2020.

12. Plaintiff RUTH made thirteen dollars ($13.00) per hour and was a full-time employee working forty (40) hours per week that was being paid bi-weekly for a total of eighty (80) hours per pay period.

13. Plaintiff RUTH on a bi-weekly basis worked in excess of eighty (80) hours per pay period on a regular basis and did not receive any additional base pay and overtime pay for the hours that were worked beyond forty (40) each week and beyond eighty (80) for the pay period.

14. Plaintiff RUTH regularly worked four (4) days per week from April 2019 through August 2020, with each day being a twelve (12) hour-shift, starting at 7:00 am and ending at 7pm.

15. Plaintiff RUTH was asked on numerous times to work a fifth (5th) day and on that fifth day he would work between six (6) and twelve (12) hours.

16. Accordingly, Plaintiff RUTH would work between forty-eight (48) and sixty (60) hours per week or ninety-six to one hundred and twenty (120) hours per pay period at the Jupiter location of JET RIDE.

17. It follows that Plaintiff RUTH worked between eight (8) and twelve (12) hours per week or sixteen (16) and twenty-four (24) hours per pay period of unpaid overtime from his initial hire on April 16, 2019 until he was asked to work at the Boynton Beach location of JET RIDE on June 14, 2020.

18. The time period between April 16, 2019 and June 14, 2020 is sixty-one weeks. Plaintiff RUTH was paid thirteen dollars ($13.00) per hour and overtime hours would be compensated at nineteen dollars and fifty cents ($19.50) per hour.

19. At eight (8) hours of unpaid overtime each week at a rate of nineteen dollars and

fifty cents ($19.50) per hour, Plaintiff RUTH was entitled to one hundred and fifty-six dollars ($156.00) in overtime pay each week. Multiplied by sixty-one (61) weeks the total amount that Plaintiff RUTH is entitled to is nine thousand five hundred and sixteen dollars **($9,516.00).**

20.     At twelve (12) hours of unpaid overtime each week at a rate of nineteen dollars and fifty cents ($19.50) per hour, Plaintiff RUTH was entitled to two hundred and thirty-four dollars ($234.00) in overtime pay each week. Multiplied by sixty-one (61) weeks the total amount that Plaintiff RUTH is entitled to is fourteen thousand two hundred and seventy-four dollars **($14,274.00).**

21.     Plaintiff RUTH's hours were kept on a phone application: "When I Work".  This application was GPS based and established the hours worked for each employee upon their arrival at the particular JET RIDE location the employee was working at. Through this application, the company could monitor the clocking in and clocking out of each employee.

22.     JET RIDE's Regional Manager, Brendan, had the ability to log into each employees' application and regularly would adjust hours to avoid paying overtime to its employees.

23.     Once the hours were adjusted to forty (40) hours per week and eighty (80) hours per pay period by the manager, the hours would be transmitted to TriNet, the payroll company which issued pay statements to employees.

24.     Immediately after O'MARA called Plaintiff RUTH into his office and terminated him on August 13, 2020, Plaintiff Ruth's access to the phone application "When I work" was cut off. As a result, Plaintiff RUTH only possesses printouts of hours worked for two (2) pay periods because they were screen shots taken on his cellular telephone prior to his termination.

25.     In June 2020, JET RIDE Manager, O'MARA directed Plaintiff RUTH to work at

the Boynton Beach location. In exchange for working at that location, Plaintiff RUTH was promised a $500.00 Bonus.

26. During the six (6) weeks that Plaintiff RUTH was at the Boynton Beach location, he was not paid overtime for his hours above forty (40) in any given week or above eighty (80) for the two-week pay periods.

27. During the pay period of June 14, 2020 through June 27, 2020, Plaintiff RUTH worked one hundred and nine point eighty-five (109.85) hours but his pay summary for that period only reflects that he was paid for eighty (80) hours at a rate of pay of thirteen dollars ($13.00) per hour.

28. The pay statement issued by TriNet for this pay period reflects only that Plaintiff RUTH worked a total of eighty (80) hours from June 14, 2020 through June 27, 2020. **See Exhibit 1.**

29. The printout of Plaintiff RUTH's hours from the phone application "When I Work" shows that Plaintiff RUTH actually worked one hundred and nine point eighty-five (109.85) hours for the time period of June 14, 2020 to June 27, 2020. **See Exhibit 2.**

30. For the pay period of June 14, 2020 through June 27, 2020, with a rate of pay of thirteen dollars ($13.00) per hour and a total of 29.85 overtime hours worked at time and a ½ per hour ($19.50 per hour), Plaintiff RUTH should have been paid an additional five hundred and eighty-two dollars and eight cents (**$582.08)** in overtime benefits representing the time and one-half (1 ½) hourly rate.

31. During the pay period of June 28, 2020 through July 11, 2020, Plaintiff RUTH worked 122.88 hours but his pay summary for that period only reflects that he was paid for eighty (80) hours at a rate of pay of thirteen dollars ($13.00) per hour.

32. The pay statement issued by TriNet for this pay period reflects only that Plaintiff RUTH worked a total of eighty (80) hours from June 28, 2020 through July 11, 2020. **See Exhibit 3.**

33. The printout of Plaintiff RUTH's hours from the phone application "When I Work" shows that Plaintiff RUTH actually worked one hundred and twenty-two point eighty-eight (122.88) hours for the time period of June 28, 2020 to July 11, 2020. **See Exhibit 4.**

34. For the pay period of June 28, 2020 through July 11, 2020, with a rate of pay of thirteen dollars ($13.00) per hour and a total of 42.88 overtime hours worked at time and a ½ per hour ($19.50 per hour), Plaintiff RUTH should have been paid an additional eight hundred and thirty-six dollars and sixteen cents (**$836.16)** in overtime benefits representing the ½ time hourly rate.

35. During the pay period of July 12, 2020 through July 25, 2020, Plaintiff RUTH worked between one hundred and five (105) hours and one hundred and twenty (120) hours but his pay summary for that period only reflects that he was paid for seventy-nine point fifty-two (79.52) hours at a rate of pay of thirteen dollars ($13.00) per hour and one point forty-two (1.42) hours at the overtime rate of nineteen dollars and fifty cents ($19.50) per hour. **See Exhibit 5.**

36. For the pay period of July 12, 2020 through July 25, 2020, with a rate of pay of thirteen dollars ($13.00) per hour and a total of twenty-five (25) overtime hours worked at time and a ½ per hour ($19.50 per hour), Plaintiff RUTH should have been paid an additional four hundred eighty-seven dollars and fifty cents (**$487.50)** in overtime benefits representing time and one-half (1 ½) hourly rate.

37. At forty (40) hours of unpaid overtime during the pay period of July 12, 2020 through July 25, 2020, at a rate of nineteen dollars and fifty cents ($19.50) per hour, Plaintiff

RUTH should have been paid an additional seven hundred and eighty dollars **($780.00)** in overtime benefits representing time and one-half (1 ½) hourly rate.

38. Plaintiff RUTH returned to the Jupiter location of JET RIDE for the final three (3) weeks of his employment and returned to his normal schedule of 7:00AM until 7:00PM four (4) days per week. During each week he had eight (8) hours of unpaid overtime.

39. At nineteen dollars and fifty cents ($19.50) per overtime hour and a total of twenty-four overtime hours worked during that three (3) week period, Plaintiff RUTH should have been paid an additional four hundred and sixty-eight dollars **($468.00)** in overtime benefits representing time and one-half (1 ½) hourly rate.

40. From April 16, 2019 through August 13, 2020, JET RIDE failed to pay Plaintiff RUTH between twelve thousand six hundred sixty-nine dollars and seventy-four cents **($12,669.74)** and seventeen thousand four hundred twenty-seven dollars and seventy-four cents **($17,427.74)** for overtime that Plaintiff RUTH worked during his employment at JET RIDE.**.**

### **COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**

41. Plaintiff RUTH realleges and incorporates the allegations in paragraphs 1 through 40 above as if fully set forth herein.

42. At all relevant times, JET RIDE employed Plaintiff RUTH within the meaning of the FLSA.

43. During Plaintiff RUTH's employment with JET RIDE, and at all times relevant to this action, Plaintiff RUTH regularly worked overtime hours but was not paid his regular salary or time and one-half compensation for each additional hour he worked in excess forty (40) hours per week.

44. Plaintiff RUTH Plaintiff RUTH is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

45. JET RIDE's actions as alleged in this complaint have been willful and intentional. JET RIDE has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff RUTH.

46. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

47. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

48. Plaintiff RUTH brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) unpaid overtime wages as listed above, and (b) liquidated damages.

49. Plaintiff RUTH seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff, JONATHAN RUTH prays for:

      a.      That the Court find that RUTH was an employee of the Defendant, JET RIDE under the FLSA and that JET RIDE was in violation of the overtime compensation provisions of the FLSA and that Defendants' violation of the FLSA was and is willful.

      b.      That the Court award RUTH overtime compensation for all the previous hours worked over forty (40) hours, that he was not paid at least one and one-half time compensation for in any given week during the past three years to be calculated as the difference between the one and one-half time compensation rate and the regular rate of pay which was paid for hours worked in excess of forty (40), and liquidated damages of an equal amount of the minimum compensation; in addition interest on said award pursuant to 216 of the FLSA.

      c.      Pre- and post-judgment interest as provided by law.

      d.      An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA. AND

      e.      That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **JURY TRIAL DEMAND**

Plaintiff, JONATHAN RUTH, demands a trial by jury on all issues so triable.

Dated August 31, 2020.

Respectfully submitted,

By: **/s/ Joseph G. Sconzo**
JOSEPH G. SCONZO, ESQUIRE
Florida Bar No.: 0508720
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**Sconzo Law Office, P.A**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459
**Primary Email:** joe@sconzolawoffice.com
**Secondary Email:** greg@sconzolawoffice.com